The bill filed herein is by a vendor against a vendee to enforce specific performance of a contract for the sale of land and to procure restraint against a pending action at law in which the vendee seeks to recover from the vendor the money paid on account of the purchase price at the time the contract was executed. Hearing has been had on the bill and affidavits annexed to it and answering affidavits filed by defendant at the return of an order to show cause for restraint.
The affidavits are meagre and fail to disclose circumstances which might be controlling. The written contract provides for settlement January 10th, 1926, and also contains a clause providing "time is the essence of this contract." On or about January 1st, 1926, the vendee stated to complainant that he could not procure the necessary money for settlement on the day named in the contract for that purpose, and requested an extension to March 1st, 1926. On March 1st the vendee notified complainant that he would be ready to settle on March 4th. On March 4th the parties met for settlement. Settlement was not then made, because a settlement certificate which the vendee had procured and then presented disclosed an outstanding dower right in favor of one Dora Denizot, and also referred to an outstanding option of lease on one of the stores on the premises. Touching these outstanding claims, the affidavit of the president of complainant company states as follows: "Upon the presentation of the settlement sheet or settlement certificate, as aforesaid, I immediately procured, in favor of the company, a release of dower of said Dora Denizot." * * * "There are no outstanding tenancies." On March 5th the vendee demanded the return of the money which had been paid, and on March 18th brought suit for the amount.
It will be observed that while by a formal clause of the contract time was declared to be of its essence, and the time for settlement was specified for January 10th, that date was twice postponed at the instance of the vendee. With postponements the essential element of a settlement on the date named in the original contract was necessarily removed, *Page 485 
since by the postponements a settlement on the original contract date was made unessential. Whether with a waiver of original stipulation at the vendee's request there arose an implied stipulation of the parties that the failure of the vendor to make settlement on the postponed day should terminate his contractual rights, in the absence of an express stipulation to that effect, may well be doubted; but, in any event, the determination of such an implied stipulation would appropriately be based upon evidence of circumstances which may be said to be too inadequately disclosed by the defensive record herein to entitle the vendee to proceed with a suit at law which will be operative to leave complainant without remedy at final hearing, at which hearing the controlling equities of the case may be accurately ascertained. In this view the defensive affidavits must be deemed inadequate as denials of the essential facts on which complainant bases equitable relief, and especially so to prevent restraint which is necessary to preserve the subject-matter of the controversy. In somewhat similar circumstances it was held by the lord chancellor (Eldon) in Levy v. Lindo, 3 Meriv. 81, that the question whether time was originally the essence of the contract, and whether, if it were, the defendant has done any act whereby he has waived it as a ground of objection to the performance, are questions depending on evidence, and not to be decided except upon the final hearing, in a suit for specific performance and restraint against a pending action at law to recover the deposit; that in such circumstances the restraint should be retained until final hearing.
An injunction will be advised pursuant to the prayer of the bill conditioned upon complainant's complying with the requirements of rule of court number 205. *Page 486